## THE INTREPID.[1]

## WRIGHT v. THE INTREPID.

*(District Court, E. D. New York. March 28, 1891.)*

COLLISION—ATTEMPT TO PASS VESSEL AHEAD—NEGLIGENT SHEER.

The steam-boat M., going at night with a strong flood-tide up the East river, overtook two steam-boats, also going up stream. When in a narrow part of the river, the steam-boats ahead gave two whistles, and stopped to await the passing of the tug I., which, with a car-float along-side, was coming down stream near the Brooklyn shore. The M., without stopping, ported, to pass around the boats ahead, and discovered the tug and car-float so near that it was impossible to escape collision. *Held,* that the cause of the collision was the improper sheer of the M., under the stern of the boats ahead.

In Admiralty.

The steam-boat Morrisiana, going at night with a strong flood-tide up the East river, overtook two steam-boats, also going up stream. When about off Ninth or Tenth streets, New York, in a narrow part of the river, the steam-boats ahead gave two whistles, and stopped to await the passing of the tug Intrepid, which, with a car-float along-side, was coming down stream near the Brooklyn shore. The Morrisiana, without stopping, ported, to pass around the boats ahead, and discovered the tug and car-float so near that it was impossible to escape collision.

*Wing, Shoudy & Putnam,* for claimant.

*George A. Black,* for libelant.

BENEDICT, J. In my opinion the cause of the collision which gave rise to this action was a sudden sheer of the Morrisiana, improperly taken under the stern of the ferry-boat ahead of her, and when the Intrepid was so near that it was impossible thereafter to escape collision. An effort has been made to locate the place of this sheer at a great distance from the ferry-boat, but the effort has failed. It is impossible for the Morrisiana, in my opinion, to escape the effect of the sworn statement of Capt. Geer, her master, made the next day after the collision, wherein he says: "When within about a hundred feet of the stern of the ferry-boat, we ported our helm. As we passed the stern of the ferry-boat, we discovered the tow."

The libel must be dismissed, with costs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.